

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Weich
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Attention: Mr. Wm. Scanlan

Opinion No. O-1354
Re: Can the Commissioners' Court
abolish the office of County
Treasurer in Cameron County?
If not, can it fix the county
treasurer's compensation on
a commission basis for a maxi-
mum amount of less than that
fixed by statute?

Your request for our opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"For your information upon the facts re-
lative to the issues, please be advised that
Cameron County, Texas, has a population in ex-
cess of Seventy-five Thousand (75,000) and not
more than Eighty Thousand (80,000) inhabitants
according to the preceding United States census,
and has voted road or road and bridge bonds in
excess of Six Million ($6,000,000) Dollars, and
flood protection bonds in excess of One Million
($1,000,000) Dollars. The office of County
Treasurer of Cameron County, Texas, earned, in
the year 1935, as fees, the sum of Two Thousand,
Seven Hundred ($2,700) Dollars."

Section 44 of Article 16 of the Texas Constitution
reads as follows:

"The Legislature shall prescribe the duties
and provide for the election by the qualified
voters of each county in this State, of a county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jack Welch, Page 2

treasurer and a county surveyor, who shall have
an office at the county seat, and hold their
office for two years, and until their succes-
sors are qualified; and shall have such compen-
sation as may be provided by law."

The office of county treasurer is one of the of-
fices created by the Constitution.

On January 21, 1936, this department held in an
opinion written by Honorable Joe J. Alsup, Assistant Attor-
ney General, addressed to Ysco Walter, County Attorney,
Abilene, Texas, that a commissioners' court is without
power to abolish the office of county treasurer.

We quote from Texas Jurisprudence, Vol. 34, p. 387,
as follows:

"The Legislature is, of course, without
power to abolish offices created by the Consti-
tution, but may do away with officers of its
own creation though it thereby interferes with
the terms of the incumbents; and if they author-
ize the commissioners' court of any county to
abolish an office insofar as that county is
concerned, whether the matter of filling such
office in the first instance is left to the
court's discretion."

In answer to your first question you are respect-
fully advised that it is the opinion of this department
that the commissioners' court of Cameron County does not
have the power or legal authority to abolish the office of
County Treasurer in said county.

Considering your second question, we quote cer-
tain statutes or portions thereof which we think applicable
to the question involved.

Article 3943, Revised Civil Statutes, as amended,
reads in part as follows:

"The commissions allowed to any County
Treasurer shall not exceed Two Thousand Dollars
($2,000) annually; provided, that in all coun-
ties in which the assessed value of the prop-
erty of such counties shall be One Hundred Mil-
lion Dollars ($100,000,000) or more as shown

Honorable Jack Welch, Page 3

by the preceding assessment roll, the Treasurers thereof shall receive as their commissions a sum not exceeding Two Thousand, Seven Hundred Dollars ($2,700) annually; provided that in all counties having a population of not less than seventy-five thousand (75,000) and not more than eighty thousand (80,000) according to the preceding United States Census, in which counties, road, or road and bridge bonds in the amount of Six Million Dollars ($6,000,000) or more and flood protection bonds in the amount of One Million Dollars ($1,000,000) or more have been voted by the people, the Treasurers thereof shall receive as their commissions a sum not to exceed Two Thousand, Seven Hundred Dollars ($2,700) annually; and shall be allowed an assistant at a salary not to exceed One Thousand, Two Hundred Dollars ($1,200) annually;
* * * "

Section 13 of Article 3912e, reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under the laws existing on August 24, 1935 * * *."

Articles 3841 and 3842, Revised Civil Statutes, and the authorities mentioned in your brief do not apply to those counties coming within the population bracket set out in Section 13 of Article 3912e, Cameron County does come within the population bracket mentioned in Section 13, Article 3912e, therefore this statute applies to Cameron County.

Honorable Jack Welch, Page 4

You are respectfully advised that it is the opinion of this department that the commissioners' court of Cameron County cannot fix the county treasurer's compensation on a commission basis but such salary must not be less than the total sum earned as compensation by the county treasurer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:LM

APPROVED OCT 2, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN